WARDLAW, Circuit Judge, dissenting from denial of rehearing en banc: Ordinarily, I do not file “dissentals,” particularly where there is an existing dissent. I am compelled to write here, however, because Judge Friedland’s dissent, which I agree with entirely, rests principally on the ground that the required disclosure is itself misleading, whereas I believe the panel majority applied the wrong legal standard. We should have taken this case en banc to clarify that Zauderer1 s rational basis standard applies only when the government compels speech to prevent consumer deception. See Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 651, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985) (“[Bjecause disclosure requirements trench much more narrowly on an advertiser’s interests than do flat prohibitions on speech, ‘warnings or disclaimers might be appropriately required ... in order to dissipate the possibility of consumer confusion or deception.’ ”). The majority extended Zauderer beyond the context of preventing consumer deception to instances where the government compels speech for its own purposes.[1] See CTIA-The Wireless Ass’n v. City of Berkeley, 854 F.3d 1105, 1117 (9th Cir. 2017). Moreover, it expanded Zauderer to retailers who sell, and not necessarily advertise, the consumer products at issue. See id. at 1110. By allowing the opinion to stand, we have condoned the panel majority’s deference to the City of Berkeley’s well-intentioned, but unconstitutional, incursion into First Amendment rights. Although commercial speech is afforded “lesser protection” than “other constitutionally guaranteed speech,” commercial speech is nonetheless • protected speech. See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm’n, 447 U.S. 557, 562-63, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). Supreme Court precedent is clear that if the government is to compel commercial speech that is “neither misleading nor related to unlawful activity, ... [t]he State must assert a substantial interest to be achieved by [the] restrictions ... [and] the restriction must directly advance the state interest involved.” Id. at 564, 100 S.Ct. 2343. The panel majority opinion applies minimal constitutional scrutiny to Berkeley’s potentially misleading radiation disclosure, merely because it is not technically false. CTIA, 854 F.3d at 1120. The Supreme Court has never been so deferential to government-compelled speech. See Sorrell v. IMS Health, Inc., 564 U.S. 552, 570, 131 S.Ct. 2653, 180 L.Ed.2d 544 (2011) (“Facts, after all, are the beginning point for much of the speech that is most essential to advance human knowledge and to conduct human affairs.”); Wooley v. Maynard, 430 U.S. 705, 714, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977) (“The right to speak and the right to refrain from speaking are complementary components of the broader concept of ‘individual freedom,of mind.’”). The government is not allowed to compel disclosures to shape consumer behavior to its own design, particularly when governments have other powerful means, such as taxation, market regulation, and education efforts, to advance their interests. See 44 Liquormart v. Rhode Island, 517 U.S. 484, 507, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996). I share Judge Friedland’s concerns that a proliferation of warnings and disclosures compelled by local municipal authorities could detract from the attention consumers should pay to warnings that really matter. See CTIA, 854 F.3d at 1126 (Friedland, J., dissenting in part). Time which a prospective purchaser must spend puzzling over the City of Berkeley’s warning is time not spent acquiring more pertinent product information. In this era where accurate, unbiased information is an increasingly rare commodity, the panel majority’s holding that the government can compel a private entity to disclose “factual” and “uncontroversial” information with only a tenuous link to a “more than trivial” government interest is quite troubling. The loosening of long-held traditional speech principles governing compelled disclosures and commercial speech only muddies the waters. After this case, the City of Berkeley is permitted to require retailers to display a potentially misleading disclosure about the dangers of cell phones that is completely unnecessary in light of the carefully calibrated, FCC-approved disclosures in the user’s manual accompanying each new cell phone. Meanwhile, across the bay, San Francisco may not require advertisers of soft drinks with added sugars to warn of the products’ adverse health effects. Am. Beverage Ass’n v. City & Cty. of S.F., Nos. 16-16072 & 16-16073, 871 F.3d 884, 887-88 (9th Cir. Sept. 19, 2017) (purporting to rely on CTIA and JWanderer). These opinions, which require district judges to make essentially factual judgments about a disclosure’s veracity and its burden on a business even before the parties have developed an evidentiary record, are bound to frustrate any court that attempts to reconcile them. And, more importantly, what’s next? Is each state or local government in our Circuit going to rely on the misplaced analysis of Zcmderer in CTIA and American Beverage Association to pass ordinances compelling disclosures by their citizens on any issue the city council votes to promote, without any regard to Central Hudson? If the multitudinous governing bodies in our Circuit desire to compel speech from their citizens, they should show a substantial state interest and use narrowly tailored means to achieve it. Judge Nelson’s concurrence in American Beverage Association, 871 F.3d at 899, adds to the confusion by evoking the Central Hudson standard, and concluding that San Francisco’s means were not narrowly tailored to the interest it sought to promote. We should have taken the opportunity that CTIA provided us to clarify our conflicting law on compelled disclosures and explain when Zauderer's rational basis standard applies, as opposed to the Central Hudson standard generally applicable to commercial speech. I respectfully dissent from the denial of rehearing en banc, and am looking forward to our next compelled disclosure case. . Despite the panel majority's insistence to the contrary, there is discord among our sister circuits about whether Zauderer applies broadly.to allow the government to compel commercial speech to serve its own purposes. Compare, e.g., Am. Meat Inst. v. U.S. Dep’t of Agric., 760 F.3d 18, 22 (D.C. Cir. 2014) (en banc) (applying Zauderer to a Department of Agriculture labeling requirement), with Nat’l Ass’n of Mfrs. v. SEC, 800 F.3d 518, 522 (D.C. Cir. 2015) (confining Zauderer to advertising only), and Nat’l Elec. Mfrs. Ass’n v. Sorrell, 272 F.3d 104, 114 (2d Cir. 2011) (applying Zauderer to a Vermont labeling law), with Safelite Grp., Inc. v. Jepsen, 764 F.3d 258, 263-64 (2d Cir. 2014) (applying intermediate scrutiny to a Connecticut disclosure law that required automobile insurers to notify car owners of their repair shop options). Rather than advocate a circuit split, my reading of our sister circuits’ opinions simply acknowledges that the law remains unsettled.